1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LIONEL FARLEY,

11           Plaintiff,                    No. CIV S-07-1789 FCD GGH P

12        vs.

13   L. HALL,

14           Defendant.               <u>ORDER</u>

15   _____/

16           Plaintiff is a state prisoner proceeding pro se.  On August 30, 2007, defendant

17   Hall removed this action from state court.  This proceeding was referred to this court by Local

18   Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

19           Defendant Hall has requested that the court screen this action.  Good cause

20   appearing, this request is granted.

21           The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

26   U.S.C. § 1915A(b)(1),(2).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint, or portion thereof, should only be dismissed for failure to state a

9  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

10  of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

11  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

12  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

13  a complaint under this standard, the court must accept as true the allegations of the complaint in

14  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

15  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

16  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17    Plaintiff alleges that defendant Hall used excessive force against him in violation

18  of the Eighth Amendment when he transported plaintiff to the shower.  This claim states a

19  colorable claim for relief against defendant Hall pursuant to 42 U.S.C. § 1983 and 28 U.S.C.

20  § 1915A(b).

21    Plaintiff also alleges that when defendant Hall used excessive force against him,

22  he was motivated to retaliate against him for filing a civil action against other prison officials.

23    There are five basic elements to a retaliation claim: 1) an assertion that a state

24  actor took some adverse action against a prisoner; 2) because; 3) the prisoner engaged in

25  protected conduct; 4) resulting in the chilling of the prisoner's First Amendment rights; and 5)

26  the action did not reasonably advance a legitimate penological goal.  Rhodes v. Robinson, 408

1  F.3d 559, 567-68 (9th Cir. 2003).

2          Mere conclusions of hypothetical retaliation will not suffice; a prisoner must

3  "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional

4  rights." Frazier v. Dubois, 922 F.2d 560, 562 n. 1 (10th Cir. 1990).

5          Plaintiff alleges no specific facts in support of his retaliation claim.  Rather, his

6  retaliation claim against defendant Hall is vague and conclusory.  Plaintiff does not even allege

7  that defendant knew about his legal action against the other prison officials.  Accordingly, this

8  claim is dismissed with leave to amend.

9          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

10  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

11  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

12  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

13  there is some affirmative link or connection between a defendant's actions and the claimed

14  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

15  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

16  allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

17  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

18          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

19  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

20  amended complaint be complete in itself without reference to any prior pleading.  This is

21  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

22  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

23  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

24  original complaint, each claim and the involvement of each defendant must be sufficiently

25  alleged.

26  /////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's retaliation claim against defendant Hall is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order.  Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

2. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders.

DATED:  10/2/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

far1789.ame

4