UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LIONEL FARLEY,

    Plaintiff,

v.

L. HALL,

    Defendant.

Case No. 2:07-CV-1789-KJD-PAL (PC)

**ORDER**

Before the Court is the unopposed Motion for Summary Judgment filed by Defendant Hall (#36).

I. Background

Plaintiff Lionel Farley (P-02180), an inmate in the custody of the California Department of Corrections and Rehabilitation, brought this § 1983 action against Officer Hall for excessive force in violation of the Eighth Amendment. Farley asserts that on February 2, 2005, Hall injured Farley's wrist by jerking it while uncuffing Farley so that he could shower. (Compl., 1st Cl. P. 2, 2nd Cl. P. 2, Ex. A, Inmate Grievance.) Plaintiff is seeking $52,000 in damages.

II. Discussion

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

Here, Plaintiff has consistently alleged that Defendant used excessive force against him on February 2, 2005. (Compl., 1st Cl. P. 2, 2nd Cl. P. 2, and Ex. A.) Defendant has introduced evidence showing that he could not have used any force on Plaintiff because he did not work at High Desert State Prison, where Plaintiff is an inmate, on February 2, 2005. Defendant's Fair Labor Standards

Act timesheet for February 2, 2005, shows that he used holiday work credit to take the day off. (Polan Decl. ¶ 2 and Ex. A.) Defendant has met its burden to show an absence of a material fact for trial. Plaintiff has made no attempt at rebuttal. As a matter of law, Defendant could not have violated Plaintiff's constitutional rights. See e.g. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). (government officials are not liable for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.")

Defendant has demonstrated that he was not at work on the date of Plaintiff's alleged injury. Accordingly, summary judgment in favor of the Defendant is appropriate.

III. Conclusion

**IT IS HEREBY ORDERED THAT** Defendant Hall's Motion for Summary Judgment (#36) is **GRANTED**

**IT IS FURTHER ORDERED** that this case is dismissed **WITH PREJUDICE**.

DATED this 22nd day of September 2011.

_____
Kent J. Dawson
United States District Judge